Carrie C. Cunningham v. Commissioner.
Cunningham v. Commissioner
Docket No. 35571.
United States Tax Court
1953 Tax Ct. Memo LEXIS 54; 12 T.C.M. (CCH) 1315; T.C.M. (RIA) 53366; November 24, 1953
*54 In 1947, petitioner signed a contract agreeing to "sell and convey" her going business, together with all of its assets including realty used therein, to three employees. The employees assumed all liabilities, including accounts payable of $3,880.69 and employees' deductions of $1,217.66. They paid $5,000 in cash at the signing of the contract and, pursuant to its terms, have since made timely monthly payments of $750 on the remaining balance due. No deed conveying title to the realty covered by the contract has ever been executed by petitioner, who reported a gain of $982.94 from the sale of the assets of her business on her return for 1947. 1. Held, the contract by which petitioner agreed to sell and convey her going business, and the corresponding action by her and the purchasers thereunder, constituted a closed transaction for Federal tax purposes on which she received taxable gain in 1947. 2. Held, further, the amount of the accounts payable and employees' deductions assumed by the purchasers are includible in determining the total gain realized by petitioner on the sale of the business. E. Byron Singleton, Esq., 301 First National Bank Building, Amarillo, Tex., for the petitioner. George H. Seefeld, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax of $7,504.96 determined against Carrie C. Cunningham (hereinafter referred to as the petitioner) for the year 1947. By amended answer, respondent now asserts such deficiency is $8,933.78. The issues to be decided are: (1) did petitioner, by virtue of a sales contract executed in 1947 transferring a going florist business, owned by her, *56 to others, but retaining title to all realty used therein until a specified part of the purchase price was paid, realize taxable gain from the "sale or other disposition" of property under sections 22 (a) and 22 (f) of the Code; and (2) if so, were accounts payable in the amount of $3,880.69 and employees' deductions in the amount of $1,217.66 a part of the amount realized by her from such sale. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein. Petitioner in 1947 was a resident of Amarillo, Texas, and filed her income tax return for that year with the collector of internal revenue at Dallas. Until September 30, 1947, petitioner was the sole owner and operator of the Cunningham Floral Company (hereinafter referred to as the Company) in Amarillo. She was then past 70 years of age and in ill health. For some months previously, the Company had been managed for her by one J. W. Beechler. In September 1947, Beechler approached three employees of the Company, Lewis F. Bennett, Erfal A. Blake, and J. Walter Hill, suggesting that they offer to purchase the business from petitioner. After negotiations, a price of $75,000 *57 was agreed upon. On September 26, 1947, petitioner appointed one Carl Ray, a public accountant, as her agent in the sale of the Company, and agreed to pay him a 5 per cent commission on the initial cash payment and a similar commission on subsequent payments on the principal. On September 30, 1947, petitioner and the three employees signed a contract in which petitioner agreed to "sell and convey" all realty used in the operation of the Cunningham Floral Company, together with all "assets, phone numbers and Good Will" of the business. The purchasers agreed to assume all outstanding liabilities as of October 1, 1947. Of the purchase price of $75,000, $5,000 was to be paid in cash and a note for $70,000 was to be given by the purchasers for the balance. Installments of $750 on such note were to be paid monthly, beginning November 1, 1947. The contract further provided that when the note had been reduced by $20,000, petitioner would convey all realty described in the contract by a warranty deed, retaining only a vendor's lien for the unpaid balance. Petitioner, within 5 days of the signing of the contract, furnished the purchasers an abstract of title to the realty, which their attorney *58 examined and found to be merchantable and acceptable. Taxes and insurance were prorated for the year 1947 pursuant to the contract between petitioner and purchasers. Blake and Bennett paid the $5,000 at the time the contract was signed. Upon the advice of counsel, they recorded the contract. A note was never executed, but the purchasers paid petitioner timely monthly installments of $750, including principal and interest, beginning November 1, 1947. By November 1, 1950, the outstanding balance was $49,955.92. The purchasers have not demanded nor has petitioner executed the warranty deed provided for in the contract. Among the liabilities which the purchasers assumed were accounts payable of $3,880.69 and employees' deductions of $1,217.66. On October 1, 1947, the purchasers formed a partnership (from which Hill later withdrew) to operate the business. They filed a statement for the use of the name "Cunningham Floral Company", which they assumed, and applied for employer's identification numbers from the Texas Unemployment Compensation Commission and the Federal Security Administration. They obtained a membership in their own names in the Floral Telegraph Delivery Association. *59 They have made substantial improvements and repairs to the realty since occupying it. On her return for 1947, petitioner reported a long-term capital gain of $982.94 from the sale of the assets of the Cunningham Floral Company. In his notice of deficiency, respondent computed such gain to be $37,260.94 and determined a deficiency of $7,504.96. By an amended answer, he asserts an additional deficiency of $1,428.82, claiming that the amount which petitioner realized on the sale was increased by the purchasers' assumption of employees' deductions and accounts payable, totaling $5,098.35. By the contract executed on September 30, 1947, petitioner sold the Cunningham Floral Company and all of its assets, including the realty used in the business. The amount of gain realized on the sale was the contract price plus the accounts payable and the employees' deductions minus petitioner's basis of the property. Opinion RICE, Judge: We understand petitioner's argument to be that the contract signed by her and Blake, Bennett, and Hill on September 30, 1947, was, under Texas law, only an option and not a completed sale for Federal tax purposes since no deed transferring title to the realty *60 described therein has been executed. No issue was raised with respect to reporting the sale on an installment basis, nor was any evidence offered that the obligation to pay petitioner $70,000 was not the full amount in 1947. We cannot agree with petitioner that the law of Texas is determinative of whether the contract signed by her and acted upon by Blake and his partners effected a completed sale, or was only an option. "* * * state law may control only when the federal taxing act by express language or necessary implication makes its operation dependent upon state law." . Irrespective of the interpretation which Texas law might place upon the contract here, what it was and what it did must be measured by the provisions of the (C.A. 5, 1934), certiorari denied . We think the provisions of the "Agreement and Contract" which petitioner signed on September 30, 1947, and the corresponding action taken thereunder both by her and by Blake, Bennett, and Hill, unquestionably constituted a "sale or other disposition of property" *61 within the meaning of sections 22 (a) and 22 (f) of the Code. An option imposes no binding obligation upon the person holding it, but a contract of sale creates mutual and reciprocal obligations. , affd. (C.A. 10, 1944). Title to realty or other property need not pass at the time the contract is signed to satisfy the requirements of a closed transaction for Federal tax purposes. , on appeal (C.A. 4, June 29, 1953); , on appeal (C.A. 6, 1953); , affd. (C.A. 2, 1936). By the language of the contract, petitioner intended to and did, in fact, "sell and convey" a going business - the Cunningham Floral Company - together with all of its assets and liabilities. The purchasers, Blake, Bennett, and Hill, pursuant to that contract and upon its execution, paid $5,000; and, beginning November 1, 1947, have paid timely monthly installments of $750 on the balance due. They formed a partnership (from which Hill subsequently *62 withdrew) and immediately entered into possession of the premises and have since operated the business for their own profit. They have made substantial improvements and repairs to the premises. Taxes and insurance for the year 1947 were prorated between petitioner and the partners. Petitioner, within the prescribed time, furnished an acceptable abstract of merchantable title to all realty covered by the contract. In fact, only two provisions of the contract have not been carried out: the purchasers never executed a promissory note for the balance due, providing for monthly payments of $750 each - although such payments have always been made; nor did petitioner execute a warranty deed formally transferring title to the realty in November 1950, when the balance due on the contract was reduced to less than $50,000. These omissions, however, do not alter the fact that petitioner sold her going business on September 30, 1947, and realized a taxable gain therefrom in that year. The petitioner, at trial, and in reply to respondent's amended answer asserting an increased deficiency, objected to our admission of such amendment on the grounds that it was barred by the statute of limitation. *63 We do not agree. The Rules of this Court explicitly permit amended pleadings, and we have allowed the respondent to amend his answer to increase the amount of the deficiency as originally determined. See , affd. (C.A. 5, 1942). The respondent, by written amended answer, contends that the amount of gain which petitioner realized from the sale of the Company should be increased by the amount of accounts payable and employees' deductions assumed by the purchasers. The amounts of such liabilities are not questioned, and we agree that they should be considered in computing the total gain which petitioner realized on the sale. See . The respondent did not err in determining that the full amount of the gain from the sale of the business was taxable in 1947. Decision will be entered for the respondent.